UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Case No.: 1:18-cv-00797

| | |
|---|---|
| DELI MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC COMMERCE LLC, <br><br> Defendant. | COMPLAINT |

Plaintiff Deli Management, Inc. ("Deli Management"), by and through undersigned counsel, complaining of Defendant Pacific Commerce LLC ("Pacific Commerce"), alleges and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Deli Management, Inc. is a corporation organized and existing under the laws of Texas, with its principal office located at 350 Pine St., Suite 1775, Beaumont, Texas 77701.

2. Defendant Pacific Commerce LLC is a corporation organized and existing under the laws of North Carolina, with its principal office located at 14747 Roxbury Terrace, Rancho Santa Fe, California 92067.

3. This Court has personal jurisdiction over Pacific Commerce because Pacific Commerce is engaged in substantial activity within the State of North Carolina, including in connection with the transactions described herein, and because Pacific Commerce has sufficient minimum contacts with the State of North Carolina such that the exercise of personal jurisdiction comports with due process.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because it is a civil dispute where the matter in controversy exceeds the sum or value of

$75,000.00 and is between citizens of different states.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the subject property over which this dispute arises exists in this District and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## FACTUAL ALLEGATIONS

### *The Lease Agreement*

6. Deli Management is a family-owned company that operates over 275 Jason's Delis in twenty-eight states.

7. On or about November 7, 2016, Deli Management and Pacific Commerce entered into a Lease Agreement ("Lease Agreement") whereby Pacific Commerce, the Landlord, agreed to build the shell of a building located at 8690 Concord Mills Boulevard, Concord, North Carolina 28027 ("the Premises").

8. Deli Management, the Tenant, agreed to build out the inside of the Premises, which would ultimately be a Jason's Deli.

9. After Deli Management opened the Jason's Deli on the Premises, the Lease Agreement provided that Deli Management would lease the Premises from Pacific Commerce for ten years.

10. Deli Management negotiated the terms of the Lease Agreement with Reza Jafari ("Mr. Jafari") who, upon information and belief, is the only member of Pacific Commerce.

11. At all times herein described, Mr. Jafari was acting on behalf of Pacific Commerce.

### *Construction Defects of Exterior of Building*

12. Mr. Jafari told Deli Management that the Premises would be ready for Deli Management to build out the interior by mid-April 2017.

2

13. Based on Mr. Jafari's representations, Deli Management expected to open the store in September 2017.

14. Deli Management was unable to build out the interior by mid-April 2017 as Mr. Jafari had not completed construction of the exterior shell of the Premises.

15. By mid-June 2017, Mr. Jafari had still not completed the exterior work and, as a result, Deli Management was unable to take over the Premises.

16. Due to Mr. Jafari's delay in constructing the exterior of the Premises, it was apparent that Deli Management would be unable to open the Jason's Deli in September 2017.

17. In an effort to open the store as quickly as possible, Mr. Jafari and Deli Management agreed that Deli Management would begin building out the interior while Mr. Jafari finished building the exterior.

18. On June 26, 2017, Deli Management took over the Premises to begin the inside build out even though the exterior was not finished as promised.

19. Deli Management's contractor and Pacific Commerce's contractor worked simultaneously to build out the interior and exterior, respectively.

20. Pacific Commerce finally finished construction of the exterior of the building months after it was supposed to have been finished.

21. Deli Management ultimately opened the Jason's Deli on November 6, 2017.

22. Since the opening, Deli Management has discovered defects in the exterior of the building, which Pacific Commerce was responsible for constructing, including the following:

   a. Roof crickets were not installed correctly resulting in ponding water on the roof;

   b. The wrong sealant was used at the ends and seams of the roof membrane;

   c. The freezer/cooler roof was not installed with the required slope resulting in

3

ponding water on the roof;

d. There is no coping or metal cap on the parapet wall creating an entry point for water to enter the building;

e. The installation of the metal wall panels was not done with the proper flashing, trim or corner pieces resulting in water being forced towards the building substrate;

f. There is no window flashing at the head and sill of the drive-thru window; and

g. The space between the storefront and surrounding surfaces is not sealed.

23. As a result of these construction defects, Deli Management is suffering from, among other things, water intrusion in the interior of the Premises.

24. Due to the water intrusion, Deli Management has been forced to place buckets around the storefront door to collect the gushing water from the ceiling.

25. Additionally, Deli Management was required to hire and pay an engineer to inspect the Premises and determine the cause of the water intrusion.

26. As a result of the water intrusion, Deli Management has lost profits and has incurred damage to its brand.

27. Under the Lease Agreement, Pacific Commerce promised that the Premises would be "in compliance with all applicable local, municipal, state, and federal laws, rules, ordinances, regulations and building codes, including, without limitation, the ADA…"

28. Under the Lease Agreement, Pacific Commerce promised that Deli Management "shall peaceably and quietly have, hold and enjoy the Premises and all rights, easements, appurtenances and privileges belonging or in any way pertaining thereto during the Lease Term without molestation or hindrance of any person whatsoever."

29. Deli Management has repeatedly requested Pacific Commerce correct the

4

construction defects, but Pacific Commerce has refused.

### *Nonpayment of the Allowance*

30. Pursuant to the Lease Agreement, Pacific Commerce was required to pay Deli Management $75,000.00 (the "Allowance") within thirty days after Deli Management opened for business at the Premises and receipt of the last of the following: (1) a duly completed final waiver of lien for the general contractor or providing services included in Deli Management's work; (2) a general contractor's lien waiver affidavit in connection with Deli Management's work; (3) written notice of its date of opening; (4) a written request for payment of the Allowance certifying that all of Deli Management's work has been completed; (5) all certificates of insurance evidencing Deli Management's procurement of the insurance required by the Lease Agreement; and (6) the first month's rent payment (collectively, "Requirements").

31. Deli Management has satisfied all of its Requirements under the Lease Agreement that are necessary before Pacific Commerce pays Deli Management the Allowance.

32. Although all Requirements have been fulfilled, Pacific Commerce has not paid Deli Management the Allowance.

33. Deli Management has continuously requested payment of the Allowance, but Pacific Commerce has failed and refused to pay Deli Management the funds.

### *Amount of Leased Square Footage*

34. The Lease Agreement provided that Deli Management "rents from Landlord all those certain premises (the 'Premises') consisting of five thousand (5,000) square feet of Gross Leasable Area."

35. The Gross Leasable Area is defined as "an area determined by measuring the Premises from the exterior face of any exterior wall (or the centerline of all interior corridor walls) and from the center line of any interior wall shared in common with another leasable

space."

36. Pursuant to the Lease Agreement, for the first five years of the lease period, Deli Management was to pay $33.50/square foot for a total of $167,500.00 annually, or $13,958.33 monthly.

37. For years six through ten of the lease period, Deli Management was to pay $36.85/square foot for a total of $184,250.00 annually, or $15,354.17 monthly.

38. These rent amounts are based off of the Premises consisting of 5,000 square feet, as provided by the Lease Agreement.

39. Per the Lease Agreement, Deli Management has paid Pacific Commerce $13,958.33 monthly in rent.

40. Pacific Commerce contends Deli Management owes rent for 5,259 square feet despite the Lease Agreement stating Deli Management only agreed to lease 5,000 square feet of the Gross Leasable Area.

41. Pacific Commerce further contends that Deli Management owes $176,176.50 annually, or $14,681.38 monthly, for the first five years of the lease period, and $193,794.15 annually, or $16,149.51 monthly, for years six through ten of the lease period.

42. Accordingly, for the first five years of the lease period, Pacific Commerce contends it is owed $8,676.50 more annually, or $723.05 more monthly, than Deli Management believes is owed.

43. For years six through ten of the lease period, Pacific Commerce contends it is owed $9,544.15 more annually, or $795.34 more monthly, than Deli Management believes is owed.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

44. The allegations of Paragraphs 1 through 43 above are re-alleged and incorporated by reference as if fully set forth herein.

45. The Lease Agreement is a valid and enforceable contract between Deli Management and Pacific Commerce.

46. Under the Lease Agreement, Pacific Commerce promised to pay Deli Management $75,000.00 after all of the Requirements were met.

47. Deli Management satisfied all of its Requirements pursuant to the Lease Agreement.

48. All other Requirements have been satisfied.

49. Deli Management is owed the Allowance.

50. Pacific Commerce's failure to pay the Allowance constitutes a material breach of the Lease Agreement.

51. Under the Lease Agreement, Pacific Commerce promised that the Premises would be "in compliance with all applicable local, municipal, state, and federal laws, rules, ordinances, regulations and building codes, including, without limitation, the ADA…"

52. The Premises are not in compliance with "all applicable municipal, state, and federal laws, rules, ordinances, regulations and building codes" for the following reasons, although not an exhaustive list:

   a. Roof crickets were not installed correctly resulting in ponding water on the roof;

   b. The wrong sealant was used at the ends and seams of the roof membrane;

   c. The freezer/cooler roof was not installed with the required slope resulting in

7

            ponding water on the roof;

      d. There is no coping or metal cap on the parapet wall creating an entry point for water to enter the building;

      e. The installation of the metal wall panels was not done with the proper flashing, trim or corner pieces resulting in water being forced towards the building substrate;

      f. There is no window flashing at the head and sill of the drive-thru window; and

      g. The space between the storefront and surrounding surfaces is not sealed.

53. The Premises' failure to be in compliance with "all applicable municipal, state, and federal laws, rules, ordinances, regulations and building codes" constitutes a material breach of the Lease Agreement.

54. Under the Lease Agreement, Pacific Commerce promised that Deli Management "shall peaceably and quietly have, hold and enjoy the Premises and all rights, easements, appurtenances and privileges belonging or in any way pertaining thereto during the Lease Term without molestation or hindrance of any person whatsoever."

55. Deli Management has not been able to "peaceably and quietly have, hold and enjoy the Premises…without molestation or hindrance of any person whatsoever" because it is being subjected to water intrusion due to Pacific Commerce's failure to comply with "all applicable municipal, state, and federal laws, rules, ordinances, regulations and building codes".

56. Among other things, Deli Management has been forced to use numerous buckets at a time to catch all of the water inside the building and to hire and pay an engineer to inspect the Premises and determine the cause of the water intrusion.

57. Pacific Commerce has prevented Deli Management from "peaceably and quietly hav[ing], hold[ing] and enjoy[ing] the Premises…without molestation or hindrance of any person

8

Case 1:18-cv-00797-WO-JLW   Document 1   Filed 09/21/18   Page 8 of 11

whatsoever", which constitutes a material breach of the Lease Agreement.

58. Deli Management has incurred damages as a result of Pacific Commerce's breach of the Lease Agreement in excess of $75,000.00, exclusive of interest and costs, in an amount to be proven at trial, including lost profits and damage to its brand.

## SECOND CLAIM FOR RELIEF
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

59. The allegations of Paragraphs 1 through 58 above are re-alleged and incorporated by reference as if fully set forth herein.

60. Implied in the Lease Agreement is a covenant that Pacific Commerce would act in good faith and deal fairly with Deli Management and that Pacific Commerce would do nothing to interfere with Deli Management's rights to receive the benefits under the Lease Agreement (hereinafter referred to as "the implied covenant of good faith and fair dealing").

61. Pacific Commerce has breached the implied covenant of good faith and fair dealing by (1) not paying the $75,000.00 owed to Deli Management; (2) not complying with all applicable municipal, state, and federal laws, rules, ordinances, regulations and building codes; and (3) not allowing Deli Management to "peaceably and quietly have, hold and enjoy the Premises…without molestation or hindrance of any person whatsoever."

62. As a result of Pacific Commerce's conduct, Deli Management has suffered damages in excess of $75,000.00, exclusive of interest and costs, in an amount to be proven at trial, including lost profits and damage to its brand.

## THIRD CLAIM FOR RELIEF
**(Declaratory Judgment, 28 U.S.C. § 2201, *et seq.*)**

63. The allegations of Paragraphs 1 through 62 above are re-alleged and incorporated by reference as if fully set forth herein.

64. A substantial, continuing, and justiciable controversy exists between Deli

Management and Pacific Commerce concerning the square footage of leased Premises.

65. Specifically, the controversy is whether Deli Management agreed to lease 5,000 square feet, as Deli Management contends, or whether Deli Management agreed to lease 5,259 square feet, as Pacific Commerce contends.

66. This controversy is real and immediate. Pacific Commerce has demanded and continues to demand Deli Management to pay rent for 5,259 square feet rather than 5,000 square feet.

67. The controversy constitutes actual present harm incurred by Deli Management.

68. If Pacific Commerce continues to believe it is owed rent for 5,259 square feet, Pacific Commerce may deem Deli Management in breach of the Lease Agreement and take action against Deli Management. Accordingly, there is a substantial likelihood that Deli Management will suffer injury in the future.

69. Deli Management is entitled to a declaration that the Lease Agreement states Deli Management agreed to rent 5,000 square feet and Deli Management is only required to pay rent for 5,000 square feet.

## **PRAYER FOR RELIEF**

WHEREFORE, Deli Management, Inc. prays to the Court for the following relief:

a. That Deli Management, Inc. have and recover damages from Pacific Commerce in an amount in excess of $75,000.00, exclusive of fees and costs, to be proven at trial;

b. That this Court find, declare, and enter judgment that:

i. Deli Management is required to pay rent for only 5,000 square feet

c. That Deli Management be awarded costs and attorneys' fees to the extent permitted by law;

d. That a trial by jury be had on all issues so triable; and

e. That the Court award such other and further relief as it deems just and proper.

Respectfully submitted, this the 21st day of September, 2018.

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Robert R. Marcus*
Robert R. Marcus
N.C. State Bar No. 20041
Bridget V. Warren
N.C. State Bar No. 48142
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6000
Facsimile: (704) 338-8858
E-mail: rmarcus@bradley.com
bwarren@bradley.com

**ATTORNEYS FOR PLAINTIFF DELI MANAGEMENT, INC.**